## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00914 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Jacqueline Perez initiated this action by filing a complaint for judicial review of the administrative decision denying her application for Social Security benefits on June 14, 2014. (Doc. 1.) Because Plaintiff sought to proceed *in forma pauperis*, the Court screened Plaintiff's complaint on June 17, 2014. (Doc. 3.) The Court directed the Clerk to issue documents including: "the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms." (*Id.* at 4.) In the USM-285 Forms, Plaintiff was instructed to provide the Clerk's Office with summons, copies of the Order directing service by the U.S. Marshal, copies of the complaint, and the completed USM-285 Form. (Doc. 3-1 at 1.) To date, Plaintiff has failed to file these documents, and it appears Defendant has not been served with the Complaint.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

1

1 inherent power to control their dockets," and in exercising that power, a court may impose sanctions
2 including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831
3 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute
4 an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v.*
5 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order);
6 *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with
7 a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
8 prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within 14 days** of the date of service of this Order why the action should not be dismissed for her failure comply with the Court's order. In the alternative, within the same fourteen days, Plaintiff shall complete the Notice of Submission of Documents and file the service documents identified in the Court's order.

IT IS SO ORDERED.

Dated:   **September 22, 2014**          **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE